UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN EMANUEL BONHAM,** Plaintiff, vs. **LAURAIN, ET AL.,** Defendants. | 2:23-CV-11594-TGB-CI HON. TERRENCE G. BERG **OPINION AND ORDER OF SUMMARY DISMISSAL** |

Before the Court is Plaintiff Kevin Emanuel Bonham's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. For the reasons stated below, the case is **DISMISSED WITHOUT PREJUDICE**.

On July 27, 2023, Magistrate Judge David R. Grand signed a deficiency order requiring that Plaintiff—by August 26, 2023—either pay the $402.00 filing fee or provide an application to proceed without prepayment of fees and costs (i.e., in forma pauperis) that includes: (1) authorization to withdraw from the Plaintiff's trust fund account, (2) certification of Plaintiff's trust account from an authorized prison official, and (3) a computerized account transaction history for the preceding six months. ECF No. 5, PageID. 3. To date, Plaintiff has

neither paid the filing fee nor provided the Court with all requested information.

Prisoners wishing to present a civil complaint in forma pauperis must attach a copy of their trust fund account statement for the six months immediately before filing. 28 U.S.C. § 1915(a)(2). The account statement submitted must be certified and obtained from the appropriate official of each prison where the prisoner is or was confined. *Id.; see also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If the full filing fee remains unpaid and the prisoner fails to provide an affidavit of indigency or a certified trust account statement, the Court must notify the prisoner of the deficiency. The prisoner then has 30 days from the deficiency order date to correct the error or to pay the fee in full. *McGore*, 114 F. 3d at 605. If the prisoner fails to comply with the Court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id*. The Court must then dismiss the case for want of prosecution. *Id*.

Although Plaintiff has applied to proceed in forma pauperis and presented authorization to withdraw from the trust fund account, the application does not include a certified account statement or a computerized history of financial transactions for six months preceding the complaint's filing. ECF No. 2. Due to this failure, Plaintiff's complaint is deficient. *See Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003). Therefore, the Court must dismiss the complaint without

prejudice for want of prosecution. *See, e.g., Erby v. Kula,* 113 F. App'x. 74, 75–76 (6th Cir. 2004).

Accordingly, it is hereby **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the filing requirements of the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(1)–(2), (b)(1). Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing fees or provides the complete and correct information necessary to proceed in forma pauperis.

This is a final order that closes this case.

**IT IS SO ORDERED**.

Dated: January 22, 2024            /s/Terrence G. Berg
                                   TERRENCE G. BERG
                                   UNITED STATES DISTRICT JUDGE